UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CENTRAL UNITED METHODIST
CHURCH, INC.                                                                                    PLAINTIFF

v.                                           No: 5:18-CV-05174

BARBSTAN PARTNERS, LTD.                                                              DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant's motion (Doc. 32) to dismiss the second amended complaint and brief (Doc. 33) in support. Plaintiff filed a response (Doc. 43) in opposition and Defendant filed a reply (Doc. 46) with leave of Court. The motion will be granted in part and denied in part.

The second amended complaint seeks rescission of a contract on the basis of mutual mistake, fraud, and constructive fraud. The mutual mistake claim was also raised in the first amended complaint, and the Court has already denied a motion to dismiss this claim. (Doc. 26). Defendant argues that the new factual allegations in the second amended complaint made in support of the fraud claims demonstrate that no mutual mistake existed. In ruling on a motion to dismiss, the Court accepts all facts alleged in the complaint as true and grants all reasonable inferences in the nonmovant's favor. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). The Federal Rules of Civil Procedure "favor[] decisions on the merits, and reject[] an approach that pleading is a game of skill in which one misstep may be decisive." *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986). "[D]ecisions on the merits are not to be avoided on the basis of 'mere technicalities.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

Plaintiff alleges inconsistent facts—that Defendant was mistaken, and that Defendant was not mistaken about an option-to-purchase term in a contract for lease. Given that Rule 8(d) allows

1

parties to plead alternative claims for relief, and in light of Rule 8(e)'s mandate that "[p]leadings must be construed so as to do justice," Defendant's motion to dismiss the mutual mistake claim will again be denied.

Defendant's motion also seeks dismissal of the newly-added fraud and constructive fraud claims, arguing that they are barred by the statute of limitations, that there was no misrepresentation of material fact, and that no special relationship existed between the parties. Regarding its statute of limitations argument, Defendant contends that Plaintiff's claims are untimely under the three-year statute of limitations for fraud. Plaintiff argues that because it seeks rescission, the three-year statute of limitations does not apply, but rather the claim must only be brought within a reasonable time upon discovery of the fraud; or, in the alternative, that the five-year statute of limitations under Ark. Code Ann. § 16-56-111(a) applies, which requires "[a]ctions to enforce written obligations, duties, or rights . . . be commenced within five (5) years after the cause of action shall accrue."

A motion to dismiss on the basis of an affirmative defense like the statute of limitations should be granted only where it is clear from the face of the complaint that the defense must succeed. *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir. 1985). When determining which statute of limitations to apply, the Court "must look to the facts alleged in the complaint itself to ascertain the area of law in which they sound." *Kassees v. Satterfield*, 303 S.W.3d 42, 44 (Ark. 2009) ("[W]e look to the gist of the action to determine which statute of limitations to apply."). The "gist" of Plaintiff's claims is that Defendants intentionally misrepresented and/or concealed material information about its interpretation of the lease amendment. These facts fit comfortably within the area of fraud, not contract. Moreover, though Plaintiff seeks rescission of the parties' contract, rescission is a remedy, not a cause of action. The causes of action upon which Plaintiff

2

seeks rescission are fraud and constructive fraud, and therefore the three-year statute of limitations governing those claims applies.

Under Arkansas law, actions for fraud and constructive fraud must be brought within three years from the date the fraud occurred. Ark. Code Ann. § 16-56-105; *see also Moix-McNutt v. Brown*, 74 S.W.3d 612, 613-14 (Ark. 2002); *Wilson v. Gen. Elec. Capital Auto Lease, Inc.*, 841 S.W.2d 619, 620-21 (Ark. 1992). However, fraudulent concealment tolls the statute of limitations "until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence." *Shelton v. Fiser*, 8 S.W.3d 89, 96 (Ark. 2000). Arkansas law is clear that for there to be concealment, "not only must there be fraud, but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed." *Delanno, Inc. v. Peace*, 237 S.W.3d 81, 84 (Ark. 2006). Though alleging fraud is necessary, it is not alone sufficient to toll the statute of limitations. *Id.* at 85.

Plaintiff's claim for actual fraud is based on statements made by Jake Pollack on April 7, 2014. (Doc. 29, ¶¶ 97-103). A timely claim for actual fraud must have been brought by April 7, 2017. The date the fraud occurred on Plaintiff's constructive fraud claim is less clear. The constructive fraud argument is premised on Defendant's failure to disclose material information, specifically its interpretation of the lease amendment's option to purchase. Typically, such claims require a duty to speak. *See* Howard W. Brill et al., Arkansas Law of Damages § 33:9 (2018) ("[L]iability for constructive fraud only arises in circumstances when a duty to speak exists."); *Farm Bureau Policy and Members v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 984 S.W.2d 6, 14-15 (Ark. 1998). Any alleged duty in this case ceased to exist after July 29, 2014, the date the parties signed the contract to convey the property to Plaintiff. Therefore, the date the fraud occurred was, at the latest, July 29, 2014. A timely claim for constructive fraud must have been

3

brought by July 29, 2017.

Plaintiff filed this action in state court on August 6, 2018, so both claims are untimely unless the running of the statute of limitation was suspended. Even accepting the facts in the complaint as true and resolving all inferences in Plaintiff's favor, there is no evidence of furtive planning and no evidence that Defendant secretly worked to keep any alleged fraud a secret. In fact, Plaintiff had both the original lease and the lease amendment in its possession at all relevant times.[1] Merely alleging fraud is not enough—there must be active concealment. *See Delanno*, 237 S.W.3d at 84-85. This was an arm's length transaction between two parties represented by counsel. Because it is clear from the face of the complaint that Plaintiff failed to timely assert its fraud and constructive fraud claims, both claims will be dismissed.

IT IS THEREFORE ORDERED that the motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that Plaintiff's claims for fraud and constructive fraud are DISMISSED WITH PREJUDICE. Plaintiff's claim for mutual mistake remains pending.

IT IS SO ORDERED this 20th day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] As an alternative basis for dismissal, the Court notes that the lease terms were equally available to both parties, and no duty to disclose could arise. *Bridges v. United States Ass'n*, 438 S.W.2d 303, 306 (Ark. 1969). Without a duty to disclose, the constructive fraud claim fails. *Id.* Similarly, "where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived," a plaintiff does not justifiably rely on an affirmative misrepresentation. *Lancaster v. Schilling Motors, Inc.*, 772 S.W.2d 349, 368-69 (Ark. 1989) (quoting W. Prosser & W. Keeton, *Prosser & Keeton on the Law of Torts*, (5th Ed. 1984) § 108).